___ FILED         ___ RECEIVED
___ ENTERED       ___ SERVED ON
                  COUNSEL/PARTIES OF RECORD

DEC 2 8 2010

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID R. MCCONATHY et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 3:09-cv-00665-RCJ-VPC |
| ) | |
| GATEWAY BUSINESS BANK et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

This case arises out the foreclosure of Plaintiffs' mortgage. Pending before the Court are four motions: two motions to stay, a motion to remand, and a motion to amend. For the reasons given herein, the Court denies the motions.

## I.     FACTS AND PROCEDURAL HISTORY

On June 10, 2005, Plaintiffs David and Lynn McConathy gave lender Gateway Business Bank, d.b.a. Mission Hills Mortgage Bankers ("Mission Hills") a promissory note in the amount of $359,500 to purchase real property located at 1635 Cricketwood Cir., Reno, NV 89523 ("the Property"), secured by a deed of trust ("DOT") against the Property. (*See* Compl. ¶ 42, ECF No. 1-1; DOT 1–3, June 10, 2005, ECF No. 1-3). The trustee on the DOT is First American Title Co. of Nevada ("First American"). (*See* DOT 1).

On June 4, 2009, an employee of LSI Title Co., as agent for Regional Trustee Service Corp. ("Regional Trustee"), at the command of Everhome Mortgage Co., recorded a notice of default and election to sell ("NOD") in Washoe County. (*See* NOD, June 4, 2009, ECF No. 1-3). There is no indication in the record that any of these agencies had been previously substituted as

trustee for First American, or that Mission Hills or First American as beneficiary and trustee, respectively, caused any of the entities listed on the NOD to record it. This indicates a statutory defect in foreclosure that would support an injunction against sale unless and until cured. *See* Nev. Rev. Stat. § 107.080(2)(c). On September 11, 2009, Regional Trustee filed a notice of trustee's sale ("NOS") setting sale for September 30, 2009. (*See* NOS, Sept. 11, 2009, ECF No. 1-3). No motions to dismiss are currently pending.

On September 30, 2009, Plaintiffs sued Defendants Mission Hills; Mortgage Electronic Registration Systems, Inc. ("MERS"), First American; Regional Trustee; Michelle Runward; and Jenny Woodward in state court, asserting fourteen causes of action. Defendants removed. The case was transferred to Case No. 2:09-md-02119-JAT in the District of Arizona, and this Court stayed the case pending remand. In accordance with the Judicial Panel on Multidistrict Litigation's partial remand order, Judge Teilborg has determined that the first cause of action and part of the third, fourth, and tenth through twelfth causes of action (insofar as they do not concern MERS) have been remanded to this Court. (*See* Am. Order 8:16–17, June 4, 2010, ECF No. 24). The Court may therefore rule on the following causes of action without a risk of inconsistent rulings by the MDL court: (1) Unfair Lending Practices Under Nevada Revised Statutes ("NRS") Section 589D.100; (3) Injunctive Relief; (4) Declaratory Relief; (10) Civil Conspiracy; (11) Racketeering Under NRS Section 207.470; and (12) Unjust Enrichment.

II. **LEGAL STANDARDS**

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The party asserting federal jurisdiction bears the burden of overcoming the presumption against it. *Kokkonen*, 511 U.S. at 377. Federal Rule of Civil Procedure 12(b)(1) provides an affirmative defense for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Additionally, a court

1  may raise the question of subject matter jurisdiction sua sponte at any time during an action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). Regardless of who raises the issue, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing 16 J. Moore et al., Moore's Federal Practice § 106.66[1], pp. 106-88 to 106-89 (3d ed. 2005)).

A district court's jurisdiction extends to cases removed from state court under particular circumstances. 28 U.S.C. § 1441(b) ("Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). In cases removed from state court, a federal court later finding a lack of subject matter jurisdiction does not dismiss, but must remand to state court. 28 U.S.C. § 1447(c). A decision to remand a case removed on any other basis than civil rights removal jurisdiction under 28 U.S.C. § 1443 "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

A defect in removal exists where jurisdiction is predicated purely on diversity and one or more defendants is a citizen of the forum state. *See* § 1441(b). This is the "forum defendant" rule. However, the citizenship of a defendant who has been fraudulently joined is discounted. *Ritchie v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Where fraudulent joinder is alleged, a court does not take the allegations of citizenship in the complaint as true but permits the defendant seeking removal to present facts showing fraudulent joinder. *See id.* "Joinder is fraudulent [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris* USA, 582 F.3d 1039, 1043 (9th Cir. 2009) (citations and internal quotation marks omitted) (alteration in original).

## III. ANALYSIS

### A. Motions to Remand and to Stay

The Court denies the motion to remand. Plaintiffs have sued two non-diverse, forum-resident Defendants: Runward and Woodward (collectively, "the Individual Defendants"). The Individual Defendants are fraudulently joined, however, and their joinder therefore does not defeat diversity.

An agent is personally liable to third parties for his own torts, regardless of whether he is acting on behalf of a corporate principal within the scope of his employment, but unless the agent and the third party agree, the agent is not liable on contracts entered into by the agent on behalf of the principal where the principal is disclosed. *See* Restatement (Third) of Agency § 7.01 & cmt. b (2006). Agents in Nevada can be personally liable in tort for misrepresentations they make to third parties. *See Nev–Tex Oil & Gas v. Precision Rolled Prods.*, 782 P.2d 1311, 1311 (Nev. 1989) (citing *Carrell v. Lux*, 420 P.2d 564, 576 (Ariz. 1966); *Pentecost v. Harward*, 699 P.2d 696, 699 (Utah 1985)). Although the Nevada Supreme Court has not directly ruled on the question, the states appear to be in agreement that an agent cannot be liable on a contract entered into on behalf of a principal where the agent has disclosed the principal. *See, e.g., Eppler, Guerin & Turner, Inc. v. Kasmir*, 685 S.W.2d 737, 738 (Tex. 1985); *Rathbon v. Budlong*, 15 Johns. 1, 2–3 (N.Y. 1818) (holding that an employee of a company could not be not liable in contract for actions taken on behalf of corporation).

The Individual Defendants cannot be liable in contract here, because they are alleged only to have acted in their capacity as agents for the institutional Defendants. The Individual Defendants are alleged to have "participated and encouraged Plaintiff(s) to enter into said loans and purchase." (Compl. ¶ 35). This is not enough to state a tort claim against them under *Iqbal* and *Twombly* because it is not a tort to "encourage[ another] to enter into . . . loans and purchase[s]." (*See id.*). There are no factual allegations indicating how they are liable for any tort

due to this activity. It is consistent with the Complaint that the Individual Defendants merely handed papers to Plaintiffs to sign, without even knowing much about what was in them or having any intent to defraud. It is also consistent with such a complaint that they merely printed copies of the documents or performed some other innocuous task touching upon the documents that would not possibly give rise to tort liability.

The Court finds that the Individual Defendants are fraudulently joined and denies the motion to remand. Even if remand were otherwise appropriate, part of the case is still pending in the MDL case in the District of Arizona, and a remand order applying only to certain causes of action in the case would be a procedural catastrophe.

### B.     Motions to Stay

In November 2009, Plaintiffs moved to stay pending determination of the present motion to remand. This motion is now moot, because the motion to remand has been fully briefed and is being contemporaneously decided. In January 2010, MERS filed its own motion to stay pending a decision on transfer by the Judicial Panel on Multidistrict Litigation. This motion is also now moot, because the case has been transferred to the District of Arizona, Case. No. 2:09-md-02119-JAT, and partially remanded back to this Court. The Court denies both motions to stay as moot.

### C.     Motion to Amend

Plaintiffs move to file a first amended complaint to remove any possible vestige of federal question jurisdiction and to further specify the alleged wrongful conduct of Defendants. The motion was filed on June 7, 2010, approximately nine months after the Complaint was filed. MERS has filed a notice of non-opposition, but Regional Trustee has filed an opposition. The proposed first amended complaint both adds and rearranges causes of action in a way that would likely nullify Judge Teilborg's carefully considered partial remand order if permitted, at least in part, and which would require his consideration of the new causes of action. It would be a tremendous waste of judicial resources to permit such an amendment at this stage of the

litigation, because it would require Judge Teilborg to reconsider his partial remand of the new and newly arranged causes of action, which it took him several months to determine the first time. Plaintiffs have waited too long after the twenty-one-day permissive amendment deadline to request such an amendment. Moreover, an amendment would not aid Plaintiffs in their quest to obtain a remand, because federal jurisdiction is determined according to the circumstances existing at the time a case is removed, notwithstanding later amendments to a complaint. *See Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co.*, No. 09-35716, 2010 WL 3435378, at *7 (9th Cir. Sept. 2, 2010).

Finally, the Court notes that even if Judge Teilborg has granted a motion to amend in this case or others that are part of MDL Case No. 2:09-md-02119-JAT, such an order can only apply to those causes of action remaining with Judge Teilborg and does not necessarily affect this Court's analysis of whether to permit amendment with respect to the claims pending before this Court. The District of Arizona has no jurisdiction over the causes of action remanded to this Court by the JPML, just as this Court has no jurisdiction over those causes of action not remanded. Both this Court and the Arizona court lack the ability to grant a motion to amend a complaint in its entirety in any case where pretrial jurisdiction is split between them. In such cases, the respective courts have the power only to grant a motion to amend in part, i.e., with respect to the claims before it. This Court has deferred to Judge Teilborg's determinations of which causes of action have been remanded to this Court and which causes of action remain with him. But the Court has deferred to him for the practical purpose of avoiding competing rulings over the same causes of action, not because his determination is binding. It is possible this Court could disagree with Judge Teilborg over which causes of action the JPML has remanded in a particular case, because the JPML has given broad, nonspecific guidance in this regard and has not even indicated whether the transferor or transferee court is to make such determinations. Nevertheless, it is the JPML that has separated and remanded certain causes of action back to this

Court, not Judge Teilborg. Unless and until the JPML gives more specific guidance, this Court will continue to defer to Judge Teilborg's determinations of which claims have been remanded in order to avoid the procedural disaster that would befall these cases in the face of competing rulings.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 6) is DENIED.

IT IS FURTHER ORDERED that the Motions to Stay (ECF Nos. 7, 17) are DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Amend (ECF No. 24) is DENIED.

IT IS FURTHER ORDERED that Defendants will cease foreclosure proceedings for one-hundred (100) days. During this period, Plaintiffs will make full, regular monthly payments under the note every thirty (30) days, with the first payment due fifteen (15) days after the date of this order. Plaintiffs need not pay late fees or cure the entire amount of past default at this time. Failure to make monthly payments during the injunction period, however, will result in a lifting of the injunction.

IT IS FURTHER ORDERED that during the injunction period Defendants will conduct a private mediation with Plaintiffs in good faith. This means the beneficiary must send a representative to the mediation who has actual authority to modify the note, although actual modification is not required.

IT IS FURTHER ORDERED that Plaintiffs will provide requested information to Defendants in advance of the mediation in good faith.

IT IS SO ORDERED.

Dated: December 28, 2010

_____
United States District Judge